UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LEONARD ROUNDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00208-JMS-MJD |
| | ) | |
| J.E. KRUEGER, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Leonard Rounds for a writ of habeas corpus challenges a prison disciplinary proceeding identified as Incident Report Number 2964805. For the reasons explained in this Entry, Mr. Rounds' habeas petition must be **denied**.

### A. Overview

Federal inmates seeking to challenge the loss of good time credits in prison disciplinary proceedings on due process grounds may petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Smith v. Bezy*, 141 F. App'x 479, 481 (7th Cir. 2005). In a prison disciplinary proceeding, the due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

Mr. Rounds is currently confined at the Fairton Federal Correctional Institution in

Fairton, New Jersey.[1] The conduct giving rise to the discipline occurred while Mr. Rounds was housed at the Federal Correctional Institute – Allenwood. On March 21, 2017, an Incident Report was completed charging Mr. Rounds with violating Code 111, introduction of any narcotics. The Incident Report stated:

> On March 21, 2017, at approximately 8:00 am, an SIS investigation was completed. It was determined that on December 5, 2016 at approximately 11:15 am, inmate Rounds, Leonard #32536-160 introduced narcotics (amphetamines) into FCI Allenwood, via institution inmate mail and utilizing coded emails. This is based on a review of TRUVIEW (emails) and verification of NIK Test kit results. Specifically, on December 5, 2016 at approximately 11:15 am, the Mail Room received a suspicious greeting card, soaked with a liquid, oily substance, suspected of sprayed-on narcotic. The envelope was addressed to Leonard Rounds #32536- 160, P.O. Box 2000, White Deer, PA 17887. A sample of this greeting card was field tested locally at the institution, utilizing the identidrug chart, beginning with NIK test A, yielding a positive test for amphetamines and concluded with test kit U, yielding a positive test for amphetamines. The hand-writing on this envelope, addressed to inmate Rounds, was identical to an envelope addressed to John Smith #54878-060, P.O. Box 2000, White Deer, PA 17887, received from the Mail Room on December 2, 2016. Enclosed in this envelope addressed to inmate Smith was a suspicious greeting card, soaked with a liquid, oily substance, suspected of sprayed-on narcotic. A sample of this greeting card was tested locally at the institution, via the NIK Test Kits and produced a positive result for amphetamines. In addition to the hand-writing being identical on the envelopes, both return addresses were identically unreadable and "whited-out." A review was conducted on the communications (emails) via TRUVIEW, on inmate Rounds. Based on this review, it was determined inmate Rounds utilized coded emails to introduce narcotics (amphetamines), via inmate institution mail, into this institution.
>
> Specifically, on November 22, 2016 at 8:06 pm, Ms. Samie Jo (listed as Rounds's sister) sends a coded email to I/N Rounds, "book of stamps for holiday cards just

---

[1] At the time Mr. Rounds filed his 28 U.S.C. § 2241 petition for habeas corpus, he was housed at the Federal Correctional Institution in Terre Haute, Indiana. Dkt. 1. He was transferred to Fairton Federal Correctional Institution in Fairton, New Jersey, in November 2018. Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Because this case has been briefed and ripe for resolution since July 2018, the Court finds that, in the interest of justice and judicial economy, a change in venue is not warranted.

remember could of took that out of other money my bad wasn't thinking. Also don't think I forgot about you but you know I send cards every holiday but this one will be just a little late." On November 23, 2016 at 11:51:07 am I/M Rounds responds, "your ok I know you love your brother. Its only turkey day!! Hahaha, ok mama do your best as you always do anyways, she will be hearing from some of my guys tell her." It should be noted, on December 5, 2016 at approximately 11:15 am, the Mail Room recovered a Thanksgiving greeting card that test positive for amphetamines, addressed to I/M Rounds. That greeting card was signed "sis and family." On January 27, 2017 at approximately 10:29 am, the Mail Room received two suspicious greeting cards, addressed to two separate inmates. Both greeting cards were soaked with a liquid, oily substance, suspected of [a] sprayed-on narcotic. One envelope was addressed to Antonio Tucker #58946-060, P.O. Box 2000, White Deer, PA 17887. The other envelope was addressed to John Smith, #54878-060, P.O. Box 2000 White Deer, PA 17887. The hand-writing on both envelopes was identical, with a Cleveland, Ohio address postal stamp. SIS was notified and reported to the Mail Room to recover the suspicious greeting cards. Once SIS arrived, it was recognized the hand-writing on the envelopes was identical to the two envelopes, recovered from the Mail Room on December 2, 2016 (addressed to inmate Smith) and December 5, 2016 (addressed to inmate Rounds). Both of these envelopes contained suspicious greeting cards, soaked with a liquid, oily substance, suspected of sprayed-on narcotic, which tested positive for amphetamines.

In the process of searching the suspicious greeting cards on 1/17/2017, two staff members received symptoms of dizziness, elevated blood pressure and nausea from handling the suspicious greeting cards. The staff members went to the outside hospital for medical treatment and then were released on their own will. Toxicology reports on both staff members were negative. There was significant intelligence gathered during this investigations that inmate Rounds had a significant role, in not only this drug introduction, but numerous other drug introductions here at FCI Allenwood.

Dkt. 5-4, pp. 6-8.

Mr. Rounds was advised of his rights on April 5, 2017. Dkt. 5-4, p. 11. Mr. Rounds did not provide a statement. *Id*.

Mr. Rounds was provided a copy of the Inmate Rights at Disciplinary Hearing form on April 5, 2017. Dkt. 13-4, p. 10. He waived his right to a staff representative and did not call any witnesses on his behalf. Dkt. 13-4, p. 12.

On April 25, 2017, an Institution Discipline Hearing was conducted. The Disciplinary Hearing Officer Report indicated that Mr. Rounds waived his right to a staff representative. At

the beginning of the hearing, Mr. Rounds was again advised of his rights. He denied the charges and made the following statement: "Someone sent it [narcotic laced greeting card] to me; I didn't know it was coming." Dkt. 14-5, p. 2.

The hearing officer documented the evidence he relied upon to reach the decision including the incident report, investigative report, staff memoranda, photographic evidence, time-lines, and copies of e-mail messages and concluded Mr. Rounds committed the prohibited act of introduction of any narcotics – Code 111. His grievous sanctions included the loss of 41 days good conduct time and the forfeiture of non-vested good conduct time of 297 days. Mr. Rounds exhausted his administrative appeals regarding this matter. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**C.     Analysis**

Mr. Rounds argues that he was denied due process and equal protection because the evidence was insufficient to support a guilty finding. Specifically, Mr. Rounds argues there is no evidence that he "'caused' the mailing of the greeting cards to the prison." Dkt. 1, p. 7. This is his only habeas claim.

Due process requires a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Hill*, 472 U.S. at 454; *Wolff*, 418 U.S. at 570-71. The "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson v, McBride,* 188 F.3d 784, 786 (7th Cir. 1999). *See Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented.").

Mr. Rounds was found guilty of the introduction of any narcotics – Code 111. Code 111 is defined as the "introduction or making of any narcotics, marijuana, drugs, alcohol, intoxicants, or related paraphernalia, not prescribed for the individual by medical staff." Dkt. 5-3, p. 45. The evidence the hearing officer relied on shows that Mr. Rounds worked in concert with his sister to introduce narcotics into the facility. Specifically, on November 22, 2016, Mr. Rounds' sister sent him an email that stated ". . . don't think I forgot about you but you know I send cards every holiday but this one will be a little late." On November 23, 2016, Rounds responded with an email stating "your ok I know you love your brother. It is only turkey day!! . . . ok mama do your best as you always do anyways, she will be hearing from some of my guys tell her." Dkt. 5-4, p. 7. On December 2, 2016, a suspicious envelope was received in the mail room addressed to John Smith. The greeting card was soaked with a liquid, oily substance that tested positive for amphetamines. Three days later, on December 5, 2016, the mail room discovered a Thanksgiving greeting card addressed to Mr. Rounds that also tested positive for amphetamines. The Thanksgiving card was signed "sis and family."

The handwriting on the envelope to Smith and Mr. Rounds was identical. Similarly, both envelopes were identical, in that the return addresses were whited-out in the same manner, and each envelope had a Cleveland, Ohio, address postal stamp.

On January 27, 2017, the mail room received two more suspicious greeting cards addressed to two separate inmates. Both greeting cards were soaked with a liquid, oily substance, suspected of sprayed-on narcotic. A Special Investigative Service ("SIS") investigator recognized that the handwriting on the envelopes was identical to the two envelopes recovered from the mail room addressed to Smith and Mr. Rounds in December. The return addresses for each of the suspicious envelopes were identical as well.

The evidence here was constitutionally sufficient. It supports the inference that Mr. Rounds communicated with his sister via email which resulted in his sister mailing four greeting cards into the facility that were soaked with amphetamines. There is sufficient evidence to support the guilty finding that Mr. Rounds caused narcotics to be introduced into the facility. Mr. Rounds is not entitled to relief on this basis.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Rounds to the relief he seeks. Accordingly, Mr. Rounds' petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 1/8/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

LEONARD ROUNDS
32536-160
FAIRTON - FCI
FAIRTON FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 420
FAIRTON, NJ 08320

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov